UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CRIMINAL NO. 3:11CR237-RJC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CONSENT ORDER AND |
| | ) | JUDGMENT OF FORFEITURE |
| v. | ) | (PRELIMINARY) |
| | ) | PENDING RULE 32.2(c)(2) |
| CHRISTOPHER JOHN WAGNER, | ) | |
| | ) | |
| Defendant. | ) | |

BASED UPON the defendant's plea of guilty, and finding that there is a substantial nexus between the property listed below and the offense(s) to which the defendant has pled guilty and that the defendant has or had a possessory interest or other legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. §§ 982(a)(2) and 981(a)(1)(C), 28 U.S.C. § 2461(c), and/or 21 U.S.C. § 853(p), provided, however, that forfeiture of specific assets is subject to any and all third party petitions under 21 U.S.C. § 853(n), pending final adjudication herein:

**A $56,813.15 forfeiture money judgment, such amount constituting the proceeds of the 18 U.S.C. § 1343 offenses to which Defendant has pled guilty.**

2. If and to the extent required by Fed. R. Crim. P. 32.2(b)(6), 21 U.S.C. § 853(n), and/or other applicable law, the United States shall publish notice and provide direct written notice of forfeiture; provided, no such notice is required if this order consists solely of a money judgment.

3. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property, including depositions, interrogatories, and requests for production of documents, and to issue subpoenas pursuant to Fed. R. Civ. P. 45.

4. A forfeiture money judgment in the amount of $56,813.15 shall be included in the defendant's sentence, and the United States may take steps to collect the judgment from any property of the defendant, provided, however, that the net proceeds of the liquidation of any specific assets forfeited shall be credited toward satisfaction of the money judgment.

5. The U.S. Attorney's Office agrees that, if restitution remains outstanding following sentencing in this matter, the U.S. Attorney's Office will request authorization under 21 U.S.C. § 853(i) for restoration of the net proceeds of liquidation of any forfeited assets to the Court to pay

outstanding restitution. However, defendant understands that the Attorney General or his designee retain final authority under Section 853(i) to grant or deny such restoration request.

The parties stipulate and agree that the aforementioned money judgment constitutes proceeds of defendant's Section 1343 offenses and is therefore subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2), 28 U.S.C. § 2461(c), and/or 21 U.S.C. § 853(p). The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant. If the defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, defendant hereby withdraws that claim. If defendant has not previously submitted such a claim, defendant hereby waives all right to do so.

ANNE M. TOMPKINS
UNITED STATES ATTORNEY

BENJAMIN BAIN-CREED
Assistant United States Attorney

CHRISTOPHER JOHN WAGNER
Defendant

CHRISTOPHER FIALKO, ESQ.
Attorney for the Defendant

Signed this the 2 day of November, 2012.

UNITED STATES District JUDGE